IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

Plaintiff,

v.

NU-VALET CLEANERS,

Defendant.

Civil Case No. *07 cv 9531 (LTS)(GWG)*

COMPLAINT

Plaintiff, Educational Credit Management Corporation ("ECMC"), seeking relief against Nu-Valet Cleaners ("Defendant"), alleges as follows:

## PARTIES

1.    ECMC is a private, non-profit Minnesota corporation and guaranty agency and, pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b)(9), has the authority to pursue this lawsuit.

2.    Upon information and belief, the Defendant operates a business located at 415 East 37th Street, New York, New York 10016.

## JURISDICTION

3.    This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R. § 682.410(b)(9)(i)(F).

## VENUE

4.    Because the Defendant operates a business located in New York County, New York and a substantial part of the events giving rise to this action occurred in New York County, venue for this action is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

40475/0124-1494028v1

## FACTUAL ALLEGATIONS

5.    Under Title IV, Part B, of the Higher Education Act of 1965 ("HEA"), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to help finance eligible students' post-secondary education. See 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary ("Secretary") pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults. See 20 U.S.C. § 1078(a) and (c). This program is presently known as the Federal Family Education Loan Program ("FFELP").

6.    To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. See 20 U.S.C. §1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. See 20 U.S.C. § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. See 20 U.S.C. § 1078(c)(2); 34 C.F.R. § 682.410(b)(2) and (b)(6). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. See CFR 682.410(b)(2).

7.    To assist the Secretary and the guaranty agencies in collecting defaulted student loans, in 1991, Congress gave guaranty agencies the authority to administratively issue orders to the employers of defaulted borrowers requiring them to withhold up to ten (10%) percent of the disposable income of these borrowers. See 20 U.S.C. § 1095a. This section explicitly preempts

2

state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a withholding order. See 20 U.S.C. § 1095a(a), (b); 34 C.F.R. § 682.410(b)(9). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the withholding order. See 20 U.S.C. § 1095(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(F).

8.    ECMC is a guaranty agency under the FFELP.

9.    Sunok Lee (the "Borrower") owes a student loan debt to ECMC that is in default.

10.    On April 27, 2006, ECMC or a collection agency working on behalf of ECMC served Borrower with the required thirty (30) day notice prior to wage withholding. A true and correct copy of the notice is attached as Exhibit A.

11.    Because no hearing was requested under 20 U.S.C. § 1095a(a)(5)(b), ECMC issued an order of withholding From Earnings on June 6, 2006  A true and correct copy of the withholding order is attached as Exhibit B.

12.    Defendant did not remit any of the Borrower's wages in accordance with the withholding order. Accordingly, ECMC sent Defendant additional withholding orders on August 8, 2006 and December 13, 2006, requesting compliance with the original withholding order. True and correct copies of these notices are attached as Exhibit C.

13.    On April 5, 2007, ECMC sent Defendant a demand letter further requesting compliance with the previous withholding orders. A true and correct copy of this letter is attached as Exhibit D.

14.    Defendant has, at all relevant times, refused to comply with the withholding orders.

40475/0124 1494028v1

## VIOLATION OF 20 U.S.C. § 1095a

15.   Based on the foregoing, Defendant is in violation of 20 U.S.C. § 1095a, which provides that guaranty agencies, such as ECMC, may administratively garnish up to ten (10%) percent of the disposable earnings of defaulted student loan borrowers by issuing a withholding order to the borrower's employer.

16.   Because Defendant has failed to comply with the withholding orders, Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts it failed to withhold following receipt of the final withholding order.

17.   The amount due to ECMC is either ten (10%) percent of Borrower's disposable earnings, or a lesser amount if required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the first withholding order to the date Borrower ceases to be employed by Defendant or the date this Court enters judgment.

18.   Pursuant to 20 U.S.C. § 1095a(a)(6), ECMC is also entitled to its attorneys' fees and costs associated with pursuing this action and, in the Court's discretion, punitive damages.

## INJUNCTION

19.   Based on Defendant's continuing refusal to comply with the terms of the withholding orders, ECMC seeks a mandatory injunction requiring Defendant to withhold and remit ten (10%) percent of Borrower's disposable earnings, or the amount required under 15 U.S.C. § 1673, if less, until Borrower's student loan debt is paid in full or Borrower terminates his or her employment with Defendant, whichever occurs earlier.

20.   ECMC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. § 1095a by Defendant and, thus, is entitled to injunctive relief in addition to damages for Defendant's past violations.

4

WHEREFORE, ECMC respectfully requests this Court to enter final judgment granting ECMC:

A.      Damages in the amount that Defendant should have withheld from Borrower's wages;

B.      Pre- and post-judgment interest on this amount, as allowed by law;

C.      An injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to ECMC until Borrower's defaulted student loan debt is either paid in full or he or she is no longer employed for Defendant;

D.      Attorneys' fees and costs;

E.      Punitive damages; and

F.      Such other relief as the Court deems appropriate.

DATED: October 5, 2007

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Plaintiff, Educational Credit
Management Corporation

By: _____
Kenneth L. Daum (KLB-2492)
900 Third Avenue
New York, New York  10022
(212) 752-8000

5